1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | MARK S. HOWELL
Deputy Attorney General
6 | State Bar No. 95125
  455 Golden Gate Avenue, Suite 11000
7 |   San Francisco, CA 94102-3664
  Telephone: (415) 703-5969
8 |   Fax: (415) 703-1234
  Email: mark.howell@doj.ca.gov
9 | Attorneys for Respondent

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 | SAN FRANCISCO DIVISION

**JOSHUA PRICE-MAHDI,**

                             Petitioner,

        **v.**

**RICH SUBIA, Warden of Mule Creek Prison,**

                            Respondent.

C-07-5343 MHP (PR)

**RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR UNTIMELINESS, 28 U.S.C. § 2244(D)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION                                                              1

PROCEDURAL HISTORY                                                        4

ANALYSIS                                                                  5

      A.   The Statute Of Limitations                                5

      B.   Inapplicability of The Delayed Start-date Provisions Of 28 U.S.C. § 2244, Subdivisions (d)(1)(C) and (d)(1)(D)                7

      C.  Severability                                              18

CONCLUSION                                                               20

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

i

1       **TABLE OF AUTHORITIES**

2                                                                                               **Page**

3   **Cases**

4   *Bachman v. Bagley*
    487 F.3d 979 (6th Cir. 2007)                                                                  19
5
    *Berger v. United States*
6   295 U.S. 78 (1935)                                                                            11

7   *Bowen v. Roe*
    188 F.3d 1157 (9th Cir. 1999)                                                                2, 5
8
    *Bradshaw v. Stumpf*
9   545 U.S. 175 (2005)                                                                            8

10  *Brady v. Maryland*
    373 U.S. 83 (1963)                                                                            15
11
    *Brown v. Borg*
12  951 F.2d 1011 (9th Cir. 1991)                                                                 11

13  *Calderon v. Thompson*
    523 U.S. 538 (1998)                                                                           14
14
    *Daniels v. Triplett*
15  421 F.3d 490 (7th Cir. 2005)                                                                  15

16  *Ferguson v. Palmateer*
    321 F.3d 820 (9th Cir. 2003)                                                                 2, 6
17
    *Fielder v. Varner*
18  379 F.3d 113 (3d Cir. 2004)                                                                   19

19  *Fisher v. Johnson*
    174 F.3d 710 (5th Cir 1999)                                                                 13, 14
20
    *Flanagan v. Johnson*
21  154 F.3d 196 (5th Cir. 1998)                                                                  12

22  *Frazier v. Rogerson*
    248 F.Supp.2d 825 (N.D. Iowa 2003)                                                          12, 18
23
    *Green v. White*
24  223 F.3d 1001 (9th Cir. 2000)                                                                  6

25  *Hasan v. Galaza*
    254 F.3d 1150 (9th Cir. 2001)                                                               12, 18
26
    *Hoover v. Carey*
27  508 F.Supp.2d 775 (2005 N.D. Cal.)                                                           8, 9

28

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) - C-07-5343 MHP (PR)

**TABLE OF AUTHORITIES**  (continued)

Page

*In re Boshears*
110 F.3d 1538 (11th Cir. 1997)                                              12, 14

*In re Harris*
5 Cal.4th 813 (1993)                                                            16

*In re Jackson*
61 Cal.2d 500 (1964)                                                            9

*In re Sakarias*
35 Cal.4th 140 (2005)                                                        8-10

*Jacobs v. Scott*
513 U.S. 1067 (1995)                                                           11

*Jiminez v. Rice*
276 F.3d 478 (9th Cir. 2001)                                                    6

*Johnson v. United States*
230 F.3d 1219 (11th Cir. 2003)                                                12

*Ledoux v. Dennehy*
327 F.Supp.2d 97 (D.Mass. 2004)                                               17

*Lindh v. Murphy*
521 U.S. 320 (1997)                                                            3

*Lott v. Coyle*
261 F.3d 594 (6th Cir. 2001)                                                  12

*Majoy v. Roe*
296 F.3d 770 (9th Cir. 2002)                                                  15

*McAleese v. Brennan*
483 F.3d 206 (3d Cir. 2007)                                                   12

*Murphy v. Espinoza*
401 F.Supp.2d 1048 (C.D. Cal. 2005)                                           19

*Nguyen v. Lindsey*
232 F.3d 1236 (9th Cir. 2000)                                               9, 11

*Owens v. Boyd*
235 F.3d 356 (7th Cir. 2000)                                            12, 17, 18

*O'Bremski v. Maass*
915 F.2d 418 (9th Cir. 1990)                                                   1

*Pace v. DiGuglielmo*
544 U.S. 408 (2005)                                                           18

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

iii

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Patterson v. Stewart*
251 F.3d 1243 (9th Cir. 2001)                                    3, 6

*People v. Bradley*
1 Cal.3d 80 (1969)                                              9

*Preston v. Gibson*
234 F.3d 1118 (10th Cir. 2000)                                  11

*Schlueter v. Varner*
384 F.3d 69 (3d Cir. 2004)                                      14

*Shannon v. Newland*
410 F.3d 1083 (9th Cir. 2005)                                   12

*Shaw v. Terhune*
380 F.3d 473 (9th Cir. 2004)                                    9

*Thompson v. Calderon*
120 F.3d 1045 (9th Cir. 1997)                                   11

*United States v. Loudner*
2002 DSD 11; 203 F.Supp.2d 1083 (D. S.D. 2002)                  12

*United States v. Urso*
369 F.Supp.2d 254 (E.D.N.Y. 2005)                               9

*Walker v. Crosby*
341 F.3d 1240 (11th Cir. 2003)                                  19

*White v. Lewis*
874 F.2d 599 (9th Cir. 1989)                                    1

*Wims v. United States*
225 F.3d 186 (2d Cir. 2000)                                     12

*Wixom v. Washington*
264 F.3d 894 (9th Cir. 2001)                                    2, 5

**Constitutional Provisions**

United States Constitution
        Fifth Amendment                                          13

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

iv

**TABLE OF AUTHORITIES  (continued)**

Page

**Statutes**

Penal Code
    § 189     7
    § 459     8

United States Code, Title 28
    § 2244, subd. (d)(1)     2, 3, 5, 17, 18, 20
    § 2244, subd. (d)(1)(A)     5-7, 11, 17, 18
    § 2244, subd. (d)(1)(B)     6, 17, 18
    § 2244, subd. (d)(1)(C)     4, 6, 7, 10, 11, 17, 19
    § 2244, subd. (d)(1)(D)     3, 6, 7, 10, 12, 14, 16-18
    § 2244, subd. (d)(2)     6, 18
    § 2254     1, 17

**Court Rules**

Federal Rules of Civil Procedure
    Rule 6(a)     3, 6

**Other Authorities**

California Jury Instructions - Criminal
    No. 8.10     8
    No. 8.21     8
    No. 8.27     8

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) - C-07-5343 MHP (PR)

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  EDMUND G. BROWN JR.
Attorney General of the State of California
2  DANE R. GILLETTE
Chief Assistant Attorney General
3  GERALD A. ENGLER
Senior Assistant Attorney General
4  PEGGY S. RUFFRA
Supervising Deputy Attorney General
5  MARK S. HOWELL
Deputy Attorney General
6  State Bar No. 95125
    455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-3664
    Telephone: (415) 703-5969
8  Fax: (415) 703-1234
    Email: mark.howell@doj.ca.gov
9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  **JOSHUA PRICE-MAHDI,**                    C-07-5343 MHP (PR)

15                              Petitioner,    **RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR UNTIMELINESS, 28 U.S.C. § 2244(d)**

16          **v.**

17  **RICH SUBIA, Warden of Mule Creek Prison,**

18                              Respondent.

19

20                          **INTRODUCTION**

21          Petitioner, a state prisoner, filed a Petition for a Writ of Habeas Corpus, 28 U.S.C. § 2254,

22  in the above-entitled case on October 19, 2007.  Dkt. No. 1.  By an Order filed November 16, 2007,

23  this Court directed respondent to file a Motion To Dismiss the Petition for Untimeliness, or

24  alternatively, to file with the Court a notice that respondent is of the opinion that a Motion To

25  Dismiss on the ground of untimeliness is unwarranted.  Dkt. No. 4; *see O'Bremski v. Maass*, 915

26  F.2d 418, 420 (9th Cir. 1990) (a motion to dismiss, in lieu of an answer on the merits, is proper

27  where a petition for a writ of habeas corpus is procedurally defective); *White v. Lewis*, 874 F.2d 599,

28  602 (9th Cir. 1989); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) - C-07-5343 MHP (PR)

1    Notes.  Untimely habeas corpus petitions by state prisoners are barred from federal court review,

2    28 U.S.C. § 2244(d)(1), irrespective of whether the government has been prejudiced by the

3    prisoner's delay.  *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003.)

4         In the petition now pending before this Court, petitioner raises three claims, alleging as

5    follows:   **Claim I**–the prosecutor violated petitioner's rights to due process by presenting

6    inconsistent factual theories of guilt at petitioner's trial and at the separate trial of an alleged co-

7    actor, Pecollian Mays, who was charged with the same offense, Dkt.. No. 1, Ptn., Attachment at 3-6,

8    9-19; **Claim II**–the trial court lacked jurisdiction to try petitioner because he was never charged with

9    burglary; no evidence of burglary was presented to the grand jury; and burglary was not a lesser

10   included offense within any charged offense, and furthermore, the prosecutor improperly informed

11   the jurors that they could find petitioner guilty of murder on a burglary-murder theory, and the trial

12   court improperly  instructed that the jurors could find petitioner guilty on a burglary-murder theory,

13   Dkt. No. 1, Ptn., Attachment at 4, 6, 20-51; and **Claim III**–petitioner was deprived of his

14   constitutional right to the effective assistance of appellate counsel because his attorney on direct

15   appeal failed to raise the substance of Claim II, as described above, Dkt. No. 1, Ptn., Attachment at

16   6, 52-54.

17        As explained below, the judgment in petitioner's case became final on June 23, 1998.  *See*

18   Exh. H; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (when a state prisoner seeks

19   discretionary review in state's highest court, but does not thereafter file a petition for certiorari in

20   the United State Supreme Court, the state court judgment becomes final 90 days after the state's

21   highest state court denies review); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (same);

22   Sup.Ct.R. 13.

23        After petitioner's case became final on direct appeal on June 23, 1998, he did not pursue

24   any of the three claims which are now presented in his current federal habeas petition until he filed

25   an unsuccessful petition for state habeas relief in the Contra Costa County Superior Court on

26   February 14, 2007.  Exhs. J.  The superior court denied that petition in a written order addressing

27

28

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

2

1    the merits of petitioner's claims.  Exh. K.[1/]

2          After unsuccessfully raising these same issues on habeas corpus in the California Court

3    of Appeal, Exhs. L, M, and the California Supreme Court, Exhs. N, O, petitioner filed his current

4    petition in this Court on October 19, 2007, about nine years and three months after petitioner's state

5    judgment became final on June 23, 1998.

6          In the interim, the one-year statute of limitations, 28 U.S.C. § 2244(d)(1), which had

7    become effective on April 26, 1996, as part of the Antiterrorism and Effective Death Penalty Act

8    of 1996 (AEDPA), and which applies to all federal petitions filed after that date, *Lindh v. Murphy*,

9    521 U.S. 320, 326-27 (1997), expired on June 23, 1999.  *See Patterson v. Stewart*, 251 F.3d 1243,

10   1245-47 (9th Cir. 2001) (the statute of limitations began to run one day after the event which

11   triggered the start of the statutory period pursuant to Fed.R.Civ.P. 6(a)).  Thus, the statute started

12   running one day after finality of petitioner's direct appeal, i.e., the statute started running on June

13   24, 1998, and it expired one year later, on June 23, 1999.

14         Petitioner makes no case for statutory or equitable tolling, so Claim II (No Burglary

15   Charge Presented To Grand Jury) and Claim III (Ineffective Assistance Of Appellate Counsel) are

16   clearly time-barred.  As for Claim I (Prosecutor Presented Inconsistent Factual Theories), petitioner

17   fails in his attempts to justify a delayed starting date for the running of the limitations period with

18   respect to that claim.

19         With respect to Claim I of the current petition, he argues, first, that the factual predicate

20   for that claim could not have been discovered through the exercise of due diligence until late

---

22        1. On direct appeal, petitioner raised three claims, including a claim similar to Claim I of
23   the current federal habeas petition; however, the legal theory of that claim on appeal was different
     than Claim I of the current federal habeas petition.  That claim on appeal dealt with a prior finding
24   as to co-defendant Moss, not Pecollian Mays, and petitioner's legal theory on direct appeal was
     collateral estoppel, not due process or inconsistent prosecutorial theories.  *Compare* Exh. C
25   [Appellant's Opening Brief on appeal] at 21-25 (collateral estoppel claim based on the conviction
     of co-defendant Moss for voluntary manslaughter) and Exh. G [California Court of Appeal opinion]
26   at 4-8 (same) *with* Dkt. No. 1, Ptn., Attachment at 3-6, 9-19 (current due process claim on federal
     habeas is based on allegation of "inconsistent factual theories" used to prosecute petitioner and co-
27   actors Moss and Mays).  The claim on appeal was different from Claim I of the current habeas
28   petition.

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

November or early December of 2006, *see* 28 U.S.C. § 2244(d)(1)(D) (involving the delayed discovery of a factual predicate for a claim); Dkt. No. 1, Ptn., Attachment at 3-6; Dkt. No. 1, Ptn., Exhs. 1-4. Additionally, petitioner makes a separate argument that Claim I is "based on new law, [a] California Supreme Court decision, holding a defendant's due process rights are violated when the prosecutor presents inconsistent factual theories of guilt involving two defendants charged in a murder/robbery, tried separately." Dkt. No. 1, Ptn., Attachment at 3; *see generally*, 28 U.S.C. § 2244(d)(1)(C) (involving constitutional rights newly recognized by the United States Supreme Court and made retroactively applicable by that Court to cases on collateral review).

Since petitioner cannot establish the existence of either of these alleged grounds for delaying start-date for the period of limitations applicable to Claim I, that claim is also time-barred. The entire petition should be dismissed. 28 U.S.C. § 2244(d)(1).

Respondent has not noticed a hearing date because petitioner is a state prisoner, currently incarcerated, who is representing himself in this matter.

**PROCEDURAL HISTORY**

The Superior Court of Contra Costa County sentenced petitioner on May 10, 1996, to state prison for 25 years to life for first degree murder, with a separate finding that petitioner was vicariously armed with a firearm. Exhs. A, B. The California Court of Appeal affirmed the judgment on December 12, 1997. Exh. F. Petitioner sought review in the California Supreme Court, Exh. G, but review was denied on March 25, 1998. Exh. H.

On February 14, 2007, petitioner filed a Petition for Writ of Habeas Corpus in the Contra Costa County Superior Court. Exh. J. In that petition, petitioner raised for the first time the claims which he presents here on federal habeas. *Compare* Exh. J *with* Dkt. No. 1. The Contra Costa Superior Court rejected all of petitioner's claims and denied the writ in a written opinion dated March 19, 2007. Exh. K.

Petitioner then raised the same claims in the California Court of Appeal on March 27, 2007. Exh. L. That court summarily denied the petition on April 4, 2007. Exh. M.

Petitioner again advanced the same claims in a habeas petition filed in the California Supreme Court on April 16, 2007. Exh. N. The California Supreme Court summarily denied the

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) - C-07-5343 MHP (PR)

4

1    petition on September 19, 2007.  Exh. O; Ptn., Dkt. No. 1, Final Exh.

2         Petitioner filed his federal habeas petition in this Court on October 19, 2007, Ptn., Dkt.

3    No. 1, raising the same three claims which he raised for the first time in his three state habeas

4    petitions in 2007.  *See* Exhs. J, L, N.

5                                    **ANALYSIS**

6

7    **A.   The Statute Of Limitations**

8         The AEDPA imposes a one-year statute of limitations upon a state prisoner seeking federal

9    habeas review of his state conviction and sentence.  28 U.S.C. § 2244(d)(1).[2]  Ordinarily, the period

10   of limitations begins to run from "the date on which the judgment became final by the conclusion

11   of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

12   Here, after the California Supreme Court denied review of petitioner's case on direct appeal,

13   petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

14        In determining the date upon which the period of limitations began, respondent submits

15   that "the date on which the judgment became final by the conclusion of direct review or the

16   expiration of the time for seeking such review," was June 23, 1998, i.e., 90 days after the California

17   Supreme Court denied review.  Exh. H; *Wixom*, 264 F.3d at 897; *Bowen*, 188 F.3d at 1159;

18   Sup.Ct.R. 13.

19

20   _____

21   2.  Section 2244, subdivision (d)(1) provides:
          A 1-year period of limitation shall apply to an application for a writ of habeas

22   corpus by a person in custody pursuant to the judgment of a State court.  The
     limitation period shall run from the latest of –

23        (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;

24        (B)  the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States ir removed,

25   if the applicant was prevented from filing by such State action;

26        (C)   the date on which the constitutional right asserted was initially
     recognized by the Supreme Court and made retroactively applicable to cases on

27   collateral review; or
          (D)  the date on which the factual predicate of the claim or claims presented

28   could have been discovered through the exercise of due diligence.

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) - C-07-5343 MHP (PR)

1      Unless petitioner can establish that he is entitled to a later start date for the running of the

2  statute of limitations, as enumerated in subdivisions (d)(1)(B) through  (d)(1)(D) of section 2244,

3  AEDPA's one-year statute of limitations began to run in petitioner's case on June 24, 1998, one day

4  after the expiration of his time for filing a petition for certiorari.  *See Patterson*, 251 F.3d at 1245-47

5  (the statute of limitations begins to run on the day following the triggering event, here the expiration

6  of the time for filing for certiorari, pursuant to Fed.R.Civ.P. 6(a)).

7      Unless petitioner can establish either a legally recognized justification for a delayed start-

8  date for the running of the statutory period of limitations, 28 U.S.C. § 2244, subdivisions (d)(1)(B)

9  through (d)(1)(D), and unless he can establish entitled to statutory tolling, 28 U.S.C. § 2244(d)(2),

10  or equitable tolling, the period of limitations in petitioner's case was set to expire one year after the

11  expiration of his time for filing a petition for writ of certiorari.  28 U.S.C. § 2244(d)(1)(A).  Thus,

12  the period of limitations was due to expire on June 23, 1999.

13      Any petition for state habeas or other collateral relief  filed after the January 23, 1999,

14  expiration of the statutory period of limitations could not revive an already-expired time limit for

15  the filing of petitioner's federal habeas action.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th

16  Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003

17  (9th Cir. 2000).

18      Petitioner did not file his first post-conviction petition for state habeas corpus relief in the

19  superior court until February 14, 2007.  Exh. J.  Only then did petitioner raise for the first time the

20  claims which he now advances here on federal habeas corpus by way of the current petition, filed

21  in this Court on October 19, 2007.  Ptn.; Dkt. No. 1.  By the time that petitioner filed his current

22  claims for the first time in state court on February 14, 2007, the period for filing a federal habeas

23  petition had already expired, over eight years earlier, on June 23, 1999.

24      Since petitioner makes no case for statutory or equitable tolling over the years from 1999

25  until 2007, his current petition is completely time-barred unless he can establish that the running of

26  the statute of limitations was delayed under one of the statutory exceptions, 28 U.S.C. § 2244, subds.

27  (d)(1)(B) through (d)(1)(D),beyond the normal start date for the running of the statutory period, 28

28  U.S.C. § 2244, subd. (d)(1)(A), i.e., beyond "the date on which the judgment became final by the

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

6

1    conclusion of direct review or the expiration of the time for seeking such review."

2    **B.  Inapplicability of The Delayed Start-date Provisions Of 28 U.S.C. § 2244, Subdivisions (d)(1)(C) and (d)(1)(D)**

3

4          Petitioner cannot establish any entitlement to a start-date for the running of the statute of

5    limitations later than June 23, 1999 (one year after finality of the state judgment, 28 U.S.C. §

6    2244(d)(1)(A)).  Petitioner attempts to show that the start-date for the running of the statute of

7    limitations with respect to Claim I (Prosecutor Presented Inconsistent Factual Theories) was delayed

8    until some time in late November or early December 2006 because only then did he learn of a factual

     predicate for Claim I.

9
          In Claim I, petitioner alleges that he and an alleged co-actor, Pecollian Mays, were

10   prosecuted for their alleged involvement in a particular homicide, but they were separately tried, and

11   the prosecutor relied upon inconsistent factual theories in prosecuting petitioner and Mays.

12   Petitioner alleges, however, that he did not learn about the prosecution's use of inconsistent murder

13   theories until late November or early December 2006, when petitioner's brother, Marzel Price, told

14   petitioner that Marzel had recently spoken to the alleged co-actor, Mays.  Dkt. No. 1, Ptn.,

15   Attachment at 5, 7, 13, 15-16.[3/]

16
          According to petitioner, in late November or early December 2006, Pecollian Mays told

17   petitioner's brother Marzel that the prosecutor at Mays's trial had argued that Mays should be

18   convicted of murder on a robbery-murder theory.  *See* Cal. Pen. Code § 189 [California's felony-

19   murder rule].  Petitioner claims that when his brother Marzel relayed that same information to

20   petitioner for the first time in late November or early December 2006, Mays also told Marzel that

21   Mays had been acquitted of the murder.  Now, petitioner argues here, on federal habeas corpus, that

22   the prosecutor's allegedly exclusive reliance upon a theory of *robbery-murder* at Mays's trial was

23   inconsistent with the prosecutor's having raised *burglary-murder* as one alternative prosecution

24

25   _____

26        3. A third person, Will Moss, Jr., who had originally been charged in the same indictment
     as petitioner, pleaded guilty to voluntary manslaughter and admitted the use of a firearm.  He entered
27   his plea long before petitioner's jury found petitioner guilty of first degree murder and found true
     the allegation that petitioner had been armed with a firearm.  Dkt. No. 1, Ptn., Attachment at 7-8,
28   16-17; Exh. F at 8.

     *Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
     U.S.C. § 2244(d) - C-07-5343 MHP (PR)

theory upon which the jury could convict petitioner of first degree murder.  (The prosecution theory of *burglary-murder* at petitioner's trial was based upon evidence of that petitioner harbored a specific intent, at the time he entered the Quik Stop, to steal a beer.  *See* Cal. Pen. Code § 459 (a person who enters into a shop or other building with intent to commit grand or petit larceny is guilty of burglary).)  Dkt. No. 1, Ptn., Attachment at 3-5, 7, 11-12, 16-19; *Id.*, Decls. of Pecollian Mays, Marzel Price, and petitioner.[4/]

Petitioner also alleges that at about the same time when he learned about the robbery-murder theory that the prosecutor had advanced at Mays's trial, California law changed significantly.  Specifically, petitioner notes that the California Supreme Court filed an opinion on March 3, 2005, in the cases of *In re Sakarias* and *Waidla*, 35 Cal.4th 140 (2005) (hereafter *In re Sakarias*), holding that "the People's use of irreconcilable theories of guilt or culpability, unjustified by a good faith justification for the inconsistency, is fundamentally unfair, for it necessarily creates the potential for–and, where prejudicial, actually achieves–a false conviction or increased punishment on a false factual basis for one of the accuseds."  Dkt. No. 1, Ptn., Attachment at 9 (quoting *In reSakarias*, 35 Cal.4th at 159-60); *see* Dkt. No. 1, Ptn., Attachment at 9-10.[5/]

---

4.  In the Appellant's Opening Brief on direct appeal, petitioner stated:

The prosecutor argued that the jurors could find that appellant's entry into the store with the intent to steal beer and snacks was a burglary, and that Will Moss killed the victim "during the commission of" the burglary.  (RT 1663-1666, 1751-1752.)  Specifically, the prosecutor asserted that if "somebody is going to go in and do a shoplifting inside and that's a burglary and somebody is killed during that, that's a felony murder."  (RT 1666.)  Moreover, the court instructed the jury that a felony-murder could occur during the commission of a robbery <u>or</u> a burglary.  (RT 1588-1589, 1593;  CT 413-415, 426;  CALJIC Nos. 8.10, 8.21, 8.27.)

Exh. C at 33.

5.  Petitioner does not identify any "clearly established Federal law, as determined by the Supreme Court of the United States," *see* 28 U.S.C. § 2254(d)(1), which has ever expressed the same holding as *In re Sakarias*, 35 Cal.4th at 159-60, that "the People's use of irreconcilable theories of guilt or culpability, unjustified by a good faith justification for the inconsistency, is fundamentally unfair, for it necessarily creates the potential for–and, where prejudicial, actually achieves–a false conviction or increased punishment on a false factual basis for one of the accuseds." *Id.* at 159-60; *Bradshaw v. Stumpf*, 545 U.S. 175, 190-191 (2005) (Thomas, concurring) (the Supreme Court "has

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

1    Additionally, petitioner cites *In re Jackson*, 61 Cal.2d 500 (1964) for the proposition that

2    "a new California Supreme Court decision justifies post[-]appeal habeas corpus applications and

3    relief where warranted, when the new California Supreme Court decision establishes new law,

4    especially, as in petitioner's case, where the law regarding the issue was unsettled."  Dkt. No. 1,

5    Ptn., Attachment at 10, 19.

6    Petitioner thus argues that Claim I (Prosecutor Presented Inconsistent Factual Theories)

7    of his federal habeas petition is therefore "based on newly discovered evidence and new law

8    rendering the newly discovered evidence relevant."  Dkt. No. 1, Ptn., Attachment at 3.  He asserts

9

10   never hinted, much less held, that the Due Process Clause prevents a state from prosecuting
     defendants based on inconsistent theories"); see *Hoover v. Carey*, 508 F.Supp.2d 775, 798 (2005

11   N.D. Cal.).  In *Hoover*, Chief Magistrate Judge Larson wrote:

12

13   While the Supreme Court has yet to consider this issue, other federal courts have
     reached it but there "is no clear consensus . . . on whether a prosecutor may be

14   precluded from raising an argument at a criminal trial because the government has
     asserted a factually incompatible argument in pursuing a conviction against another

15   defendant at another trial." *United States v. Urso*, 369 F.Supp.2d 254, 263 (E.D.N.Y.
     2005). Courts have applied a judicial estoppel theory to bar prosecutors from arguing

16   different theories of liability "only where there is a clear and categorical repugnance"
     between the two theories.  *Id.* at 264.  The Ninth Circuit has concluded that the use

17   of inconsistent theories against separate defendants charged with the same crime
     could result in a due process violation if the prosecutor knowingly used false

18   evidence or acted in bad faith.  *Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir.
     2000). It is, however, neither "'shocking nor even unusual" that evidence may come

19   in "somewhat differently at each trial." *Id.*  The Court must then look to the
     arguments in light of the evidence in each trial. *See Shaw v. Terhune*, 380 F.3d 473,

20   479 (9th Cir. 2004) (no prejudicial error where each prosecutor in separate trials of
     co-defendants argued a "plausible theory for the interpretation of ambiguous

21   evidence").

22

23   *Hoover*, 508 F.Supp.2d at 798.

24   After discussing the new state rule adopted in 2005 in *In re Sakarias*, 35 Cal.4th at
     159-60, petitioner correctly notes that prior decisions of the lower federal courts are not binding

25   upon California courts, even on federal questions.  *Id.* at 10 (citing *People v. Bradley*, 1 Cal.3d 80,

26   86 (1969)).

     Additionally, we question whether any inferences of unfairness which were said to

27   support the rule in *In re Sakarias* even apply where two defendants are separately convicted on
     different, irreconcilable prosecution theories even apply where only one of the defendants has been

28   convicted and the other defendant has been acquitted.

     *Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
     U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

1   that the factual basis for Claim I "was unknown to Petitioner and Petitioner had no reason to believe

2   the claim might be made until now," Dkt. No. 1, Ptn., Attachment at 4, and he states,

3         Until the new law, there was no reason for Petitioner to believe he needed
4     evidence to show the other defendant in his case, Pecollian Mays, who was tried
    seperately [sic] before Petitioner and acquitted, showing Mays was prosecuted on a factual
    theory of guilt that was inconsistent with the theory of guilt presented at Petitioner's trial.
5     [¶] Because Mays was tried seperately [sic], months before Petitioner, Petitioner had no
    knowled[g]e of what theory of guilt Mays was prosecuted with. Petitioner did not and
6     could not attend Mays's trial because Petitioner was in jail awaiting his trial on the case.
    [¶] Additionally, because Mays was acquitted, no record of the prosecutor's fa[c]tual
7     theory of guilt was transcribed by either the clerk or court reporter. [¶] Thus, even when
    the new law, *In re Sakarais* [sic] and *In re Waidla* came into existence, there was no
8     reason for Petitioner to believe or even consider that the new law applied to him.

9   Dkt. No. 1, Ptn., Attachment at 3.

10       Petitioner also recites:

11         Petitioner . . . had no hope of discovering Mays as to [sic] what factual theory
    the prosecutor used in Mays' case. Petitioner has never seen, written, or in any way
12     communicated with Mays during his trial or at any time after he was acquitted.

13   Dkt. No. 1, Ptn., Attachment at 4-5.

14       The petition also discloses that Mr. Jimmy St. Clair, one of petitioner's fellow inmates,

15   Dkt. No. 1, Ptn., Attachment at 5, told petitioner that there was a new law forbidding a prosecutor

16   from presenting inconsistent theories of guilt, Dkt. No. 1, Ptn., Decls. of petitioner and St. Clair, and

17   that St. Clair, who "ha[d] been preparing state and federal habeas petitions for twenty-three years,"

18   Dkt. No. 1, Ptn. Attachment at 4, began preparing a habeas petition on petitioner's behalf. *Id*. at 5.

19       Based upon these averments, respondent is given to understand that petitioner is asserting

20   he should be entitled to have the start-date for the running of the statute of limitations for Claim I

21   fixed at some time in late November or early December 2006, when he allegedly learned for the first

22   time the factual predicate for that claim. 28 U.S.C. § 2244(d)(1)(D). Additionally, it appears that

23   petitioner is claiming that he should be entitled to have the start-date for the running of the statute

24   of limitations for Claim I fixed either at March 3, 2005, when the *Sakarias* opinion was filed, or at

25   some time in late November or early December 2006, when St. Clair told petitioner that there was

26   a new law that precluded prosecutors from presenting certain inconsistent theories. Thus, it appears

27   that petitioner believes he is entitled to a delayed start-date of the running of the statutory period

28   because of some newly-recognized constitutional right. *See generally* 28 U.S.C. § 2244(d)(1)(C).

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) - C-07-5343 MHP (PR)

10

1  However, petitioner fails to establish any entitlement to any start-date for the running of the statute

2  of limitations other than the date when his judgment became final on direct appeal.  28 U.S.C. §

3  2244(d)(1)(A).

4          Specifically, petitioner fails to establish that the start-date for the running of the statutory

5  period was affected by some newly-recognized constitutional right under subdivision (d)(1)(C).  To

6  qualify for a delayed start-date under that subdivision, the language of that subdivision requires the

7  petitioner to show that some constitutional right has been newly recognized by "the Supreme Court."

8  Here, in support of petitioner's argument, he relies exclusively upon *In re Sarkisian*, 35 Cal.4th 140,

9  an opinion of the California Supreme Court, in an attempt to establish a newly-recognized

10  constitutional right.[6/]

11          For the purpose of satisfying subdivision (d)(1)(C), a state court's decision announcing

12  a "new rule" of law is meaningless.  *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

13  Petitioner fails to point to any United States Supreme Court case rendered at any time since

14  petitioner was sentenced, in which the High Court recognized any new constitutional right involving

15  the prosecution of two separately tried defendants upon inconsistent  theories.  *See Hoover*, 508

16

17      6.  The holding of *In re Sarkisian*, 35 Cal.4th at 156-164, which was decided on March 3,

18  2005, is based upon *Jacobs v. Scott*, 513 U.S. 1067 (1995), *Berger v. United States*, 295 U.S. 78, 88
   (1935), and a variety of federal circuit court cases decided from 1985 through 2004.  Among the

19  circuit court cases cited is *Thompson v. Calderon*, 120 F.3d 1045 (9th Cir. 1997) (en banc), in which
   a four-judge plurality of a fractured court, sitting en banc, opined that "when no new significant

20  evidence comes to light a prosecutor cannot, in order to convict two defendants at separate trials,
   offer inconsistent theories and facts regarding the same crime."  *Id*. at 1058.  *In re Sarkisian*, 35

21  Cal.4th at 159 and 161, respectively, also cites other Ninth Circuit precedents, specifically, *Brown*
   *v. Borg*, 951 F.2d 1011, 1015 (9th Cir. 1991) and *Nguyen v. Lindsey*, 232 F.3d 1236, 1240-41 (9th

22  Cir. 2000), both of which, like *Thompson*, 120 F.3d 1045, predated the state court's 2005 *Sarkisian*

23  opinion by several years.  *Brown* stands for the proposition that a prosecutor's goal must not be
   "simply to obtain a conviction, but to obtain a fair conviction."  *Brown*, 951 F.2d at 1015.  *Nguyen*

24  stands for the proposition that "a prosecutor's pursuit of fundamentally inconsistent theories in
   separate trials against separate defendants charged with the same murder can violate due process if

25  the prosecutor knowingly uses false evidence or acts in bad faith," *Nguyen*, 232 F.3d at 1240, but

26  since the *Nguyen* court found evidentiary differences at the two trials, and found that the prosecutor
   at both trials pursued the same "underlying theory," the Ninth Circuit determined that the variations

27  in prosecutorial argument did not violate due process.  *Id*. at 1240-41.  None of the federal cases
   relied upon in *Sarkisian* stated a new constitutional rule of law, and none of the cases cited was a

28  recent decision by the United States Supreme Court.

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

1  F.Supp.2d at 798 (as of 2005, the United States Supreme Court had not considered this issue).

2  Consequently, section 2244(d)(1)(C) does not apply.

3      Petitioner fares no better in his attempt to establish that he is entitled to a delayed start-

4  date under subdivision (d)(1)(D). His argument there is based upon the notion that the factual

5  predicate for Claim I could not have been discovered sooner through the exercise of due diligence.

6  This subdivision allowing a delayed start-date for the running of the statute of limitations applies

7  "only if *vital facts* could not have been known." *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir.

8  2007) (emphasis in original). The "vital facts" underlying a particular claim must be distinguished

9  from the legal significance of those facts. Knowledge of those facts is controlling in this context–not

10  the added time that it took for the petitioner to realize their legal significance. *Hasan v. Galaza*, 254

11  F.3d 1150, 1154 n.3 (9th Cir. 2001) (the running of the statute of limitations "begins when the

12  prisoner knows (or through diligence could discover) the important facts, not when the prisoner

13  recognizes their legal significance"); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). The

14  "factual predicate" refers to historical facts, not a legal ruling. *Shannon v. Newland*, 410 F.3d 1083,

15  1088 (9th Cir. 2005); *Johnson v. United States*, 230 F.3d 1219, 1223-24 (11th Cir. 2003).

16      Furthermore, the discovery of a factual predicate (i.e., the vital facts) in support of a

17  federal habeas claim must be distinguished from the gathering of evidence in support of that claim.

18  Under section 2244(d)(1)(D), the factual predicate is the petitioner's knowledge of facts supporting

19  the claim, not the evidentiary support for the claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th

20  Cir. 1998). "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while

21  a habeas petitioner gathers every possible scrap of evidence" that might support his claim. *Id.*

22      Under the AEDPA, the burden is on the petitioner to persuade the court that he has

23  exercised due diligence. *Frazier v. Rogerson*, 248 F.Supp.2d 825, 832 (N.D. Iowa 2003); *see Lott

24  v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001). An application that "merely alleges that the

25  applicant did not actually know the facts underlying his . . . claim" is insufficient to show due

26  diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Instead, a petitioner must "show

27  some kind of measure of prudence, activities or assiduity as may be properly expected from and

28  ordinarily exercised by a reasonable and prudent person under the particular circumstances present."

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) - C-07-5343 MHP (PR)

*United States v. Loudner*, 2002 DSD 11; 203 F.Supp.2d 1083, 1094 (D. S.D. 2002) (citing *Wims v. United States*, 225 F.3d 186, 189-191 (2d Cir. 2000). Section 2254(d)(1)(D) applies to those who could not discover the factual predicate for their claims, not those who "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 & n.14 (5th Cir 1999).

In the instant case, the record of petitioner's trial shows that, at the time of petitioner's trial, he was already aware that Pecollian Mays had already been tried and acquitted. Exh. C at 2, n.2; Exh. P at 316; Exh. Q at 337; Exh. T at 470-72. The parties at petitioner's trial contemplated that Mays might even be called to testify at petitioner's trial, and the parties discussed whether Mays had any right to invoke a Fifth Amendment privilege, given that he had already been acquitted at a court trial before Judge O'Malley. Exh. T at 469-71. The prosecutor expressed on the record that Mays might still "have some Fifth Amendment problems because of charges that were not brought or were not facing him at the time he was acquitted on those charges, i.e., burglary or robbery. I just don't know the answer to that . . . ." *Id*. at 472. The trial court in petitioner's case stated that if any of petitioner's alleged co-actors were called to testify, the court would conduct a hearing out of the presence of the jury regarding any claims of privilege that they might raise. *Id*. at 473. The record also shows that, even before petitioner's trial started, petitioner knew that the prosecutor would be relying on both robbery-murder and burglary-murder theories at petitioner's trial. Exh. R at 373-75; Exh. S at 390.

Given that the factual predicate of Claim I of petitioner's federal habeas petition involved only the theory upon which Mays was tried by Judge O'Malley, and since those facts were readily available to petitioner, even prior to petitioner's trial, the sole issue here in connection with Claim I is whether petitioner exercised due diligence in discovering the factual predicate. Despite the fact that Mays's acquittal may have meant that the reporter's notes of Mays's trial were not transcribed, that fact should have had no bearing upon the issue here  Petitioner should not be allowed to hide the fact that he did nothing to attempt to discover the "vital facts" underlying Claim I.

Apparently, if the random, fortuitous conversation between petitioner's brother and Mays had never occurred all these years after Mays and petitioner had both been tried, petitioner would still not know the facts which allegedly underlie his claim, and under petitioner's approach, the state

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

13

judgment would remain subject to attack on the ground raised in Claim I.  In other words, the state judgement could never be brought to repose, notwithstanding the intent of Congress when it enacted the AEDPA statute of limitations.  *See Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (discussing "AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence").

Since an application that "merely alleges that the applicant did not actually know the facts underlying his . . . claim" is insufficient to show due diligence, *In re Boshears*, 110 F.3d at 1540, and since petitioner has failed to show that he has done more than merely "sleep on [his] rights," *see Fisher*, 174 F.3d at 715 & n.14, he has failed to establish that he could not, through the exercise of due diligence, have discovered the factual predicate of Claim I any sooner.

At the time of trial, petitioner knew that the prosecutor had put petitioner's case to the jury on theories that included burglary-murder.  It would have been quite simple for petitioner or his trial counsel simply to ask the prosecutor what theory or theories had been advanced against petitioner's alleged co-actors, including Pecollian Mays.  Alternatively, petitioner could have asked Mays or Mays counsel about the prosecutor's theory of Mays's guilt.  Also, Judge O'Malley, who heard Mays's case, his court clerk, his court reporter, and even his bailiff could have been questioned contemporaneously about the theory or theories upon which Mays was tried.  However, it appears that, for several years, petitioner simply failed to pursue any inquiry that would have disclosed a factual predicate for Claim I.

In that petitioner allegedly failed to discover the factual predicate of this claim for over ten years after he was sentenced, our case is similar to *Schlueter v. Varner*, 384 F.3d 69 (3d Cir. 2004), wherein the petitioner did not discover until about eleven years after he was sentenced that one of his two trial attorneys had been sharing office space with the part-time prosecutor who actually prosecuted the petitioner.[7]  In *Schlueter*, the Third Circuit held, "By its language, the one-year period of limitation commences under section 2244(d)(1)(D) when the factual predicate of a

---

7.  The district court presumed that this trial counsel and the part-time prosecutor were partners in a civil practice.  *Schlueter*, 384 F.3d at 72 n.4.

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) - C-07-5343 MHP (PR)

14

claim *could have been discovered through the exercise of due diligence*, not when it actually was discovered." *Id.* at 74 (emphasis added). If the petitioner in *Schlueter* had exercised due diligence, he could have discovered his trial counsel's conflict years before he actually did discover it. Likewise, in our case, if petitioner had exercised due diligence, he would have discovered the alleged factual predicate which he belatedly advances here.

Just as the incarcerated petitioner in *Schlueter* had an incentive to have his conflicted trial counsel's co-counsel interviewed after the petitioner was sentenced, petitioner in our case had a motive to have the others who were charged as defendants in this incident interviewed, especially Mays, the one who had been acquitted. *Id.* Through the exercise of due diligence, petitioner could have learned the factual predicate of Claim I long before late November or early December 2006. *Id.* at 75; *see also Majoy v. Roe*, 296 F.3d 770, 773-775, 776 n.3 (9th Cir. 2002) (court rejects petitioner's assertion that he did not, and could not, discover the factual predicates for his claims, 28 U.S.C. § 2244(d)(1)(D), even though the claims rested upon events that occurred after petitioner's trial, while petitioner was in custody, and even though those events occurred in cases other than petitioner's case. Specifically, the factual predicates for Majoy's belated claims included: (1) testimony in another defendant's case which allegedly would have exculpated Majoy because, in listing the persons present at the scene of the crime, it omitted any reference to Majoy; (2) letters to two superior court judges, written by a witness who had testified against petitioner at petitioner's trial, recanting the earlier testimony incriminating petitioner; and (3) testimony at the trial of another defendant in which the witness partially contradicted evidence that was given at petitioner's trial, possibly exculpating petitioner); *Daniels v. Triplett*, 421 F.3d 490, 492 (7th Cir. 2005) (where a state prisoner raises a federal habeas corpus claim that the prosecutor committed a *Brady*[8] violation by not providing pretrial discovery of a burglary charge pending against a prosecution witness at the time of petitioner's trial, the *Brady* claim was properly dismissed as untimely; petitioner failed to establish due diligence in discovering the factual predicate for his claim because he could have discovered the information supporting his *Brady* claim "at least as early as" the date when

---

8. *Brady v. Maryland*, 373 U.S. 83 (1963).

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) - C-07-5343 MHP (PR)

15

1    petitioner's representatives contacted the prosecution witness against whom the case was pending).

2          Here, petitioner or his counsel could have had Mays interviewed before petitioner's trial,

3    or at any time over the ensuing eleven-year period from 1996, when petitioner was sentenced, to

4    2007, when he brought his first petition for state habeas relief on the ground that Mays had been

5    separately prosecuted for the same offense, but under a different prosecutorial theory.  However, he

6    simply sat on his rights for all that time.  By all indications, he would still be without any factual

7    basis for Claim I but for the fortuitous meeting which allegedly took place between petitioner's

8    brother and Mays in late 2006.  In sum, petitioner has failed to support his burden of establishing

9    that under these circumstances he acted with due diligence in discovering the factual predicate for

10   Claim I.  Having failed to ascertain the predicate facts with due diligence, petitioner should not be

11   allowed to claim the benefits of section 2244(d)(1)(D).

12         We now turn to Claim II.  In Claim II, petitioner alleges that the trial court lacked

13   jurisdiction to consider petitioner's culpability for the offense of burglary and for first degree murder

14   based upon a burglary-murder theory.  Petitioner's argument in Claim II is based upon allegations

15   that he was not formally charged with burglary in any accusatory pleading, that no evidence of

16   burglary was presented to the grand jury, and that burglary was not a lesser included offense of any

17   charged offense.  Dkt. No. 1, Ptn., Attachment at 4, 6, 20-51.

18         Petitioner describes this claim, saying, "The second claim in this petition is that the trial

19   court was wholly lacking in jurisdiction to try petitioner for an offense not shown by the evidence

20   at the preliminary hearing before the grand jury.  *Id*. at 4.  Then, quoting *In re Harris*, 5 Cal.4th 813,

21   837 (1993), petitioner states, "'A judgement [sic] rendered by a court wholly lacking jurisdiction

22   may be challenged at any time.'"  Dkt. No. 1, Ptn., Attachment at 4.

23         Whatever the law of California may be regarding the personal or subject-matter

24   jurisdiction of a state court and regarding the timeliness of a challenge to a state court's jurisdiction,

25   we note that petitioner made the same argument raised in Claim II when petitioner was in the

26   California Supreme Court on state habeas corpus, Exh. N, Attachment at 4, and that court summarily

27   denied the claim, Exh. O; Dkt. No. 1, Ptn., Final Attachment, and that the superior court had

28   previously rejected the same argument in a written opinion.  Exh. K.

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

16

1    Furthermore, regardless of state law on the subjects of personal and subject-matter

2  jurisdiction, the issue here is whether this Court has jurisdiction to entertain this state prisoner's

3  claim for federal habeas relief under 28 U.S.C. § 2254.  The determination of that issue depends on

4  whether the state prisoner filed his or her application for a writ of habeas corpus within the one-year

5  period of limitation provided in section 2244(d)(1).

6    Here, petitioner failed to filed the instant petition within one year from "the date on which

7  the judgment became final by the conclusion of direct review or the expiration of the time for

8  seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner does not suggest that any other

9  subdivision of section 2244(d)(1) is applicable to provide an alternative date on which the period

10  of limitations began to run.  He does not argue that there was any state-created impediment in

11  violation of the Constitution or laws of the United States which prevented the filing of this claim.

12  28 U.S.C. § 2244(d)(1)(B).  He does not argue that the United States Supreme Court has newly

13  recognized any constitutional right which would entitle him to a delayed start-date for the running

14  of the statute of limitations. 28 U.S.C. § 2244(d)(1)(C).  Petitioner does not, nor could he, claim that

15  the running of the statute of limitations should be delayed because of an inability to discover,

16  through the exercise of due diligence, the factual predicate of this claim within the time ordinarily

17  allowed by the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(1)(D).  Here, the important facts

18  in support of Claim II  were known at the time of trial.  There is no justification for a delayed start-

19  date for the running of the limitations period under section 2244(d)(1)(D).  *Owens v. Boyd*, 235 F.3d

20  356, 359-60 (7th Cir. 2001); *see Ledoux v. Dennehy*, 327 F.Supp.2d 97, 99-101 (D.Mass. 2004)

21  (petitioner knew the predicate facts upon which his claim was based commenced upon conviction,

22  even if he did not recognize their legal significance).

23    Since petitioner has failed to show any basis for allowing him the benefit of a delayed

24  starting-date for the running of the period of limitations with respect to Claim II, and since he has

25  failed to allege any basis for statutory or equitable tolling that would forgive his failure to bring this

26  claim within the usual one-year period of limitations, Claim II must be dismissed as untimely.  28

27  U.S.C. § 2244(d)(1)(A).

28    Likewise, with respect to Claim III, petitioner has failed to provide any basis upon which

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

17

to forgive the filing of this claim more nine years after his case became final on direct appeal.   In Claim III petitioner alleges that his appellate counsel's assistance fell below the constitutionally-required minimum standard, and that he was prejudiced by his appellate counsel's failure to raise in the reviewing courts the substance of petitioner's current Claim II. Dkt. No. 1, Ptn., Attachment at 6, 52-54.

Again, petitioner fails to support his burden of proving that he has exercised due diligence in the presentation of this claim. *Lott*, 261 F.3d at 605-06; *Frazier*, 248 F.Supp.2d at 832.  Again, the claim was not presented in any court until 2007, nine years after finality on direct appeal.  The critical facts giving rise to petitioner's claim that his appellate counsel should have argued on appeal that the trial court lacked power to consider petitioner's culpability for burglary and burglary-murder were known at the time the appellate brief was filed, and petitioner makes no claim that he neither knew, nor could have known, that his appellate counsel failed to raise that issue on direct appeal. *Owens*, 235 F.3d at 360.  That petitioner did not know of the legal significance of appellate counsel's omission is irrelevant. *Hasan*, 254 F.3d at 1154 n.3; *Owens*, 235 F.3d at 359. Consequently, petitioner cannot claim the benefit of section 2244(d)(1)(D), which would provide him with a delayed start-date for the running of the statute of limitations as to Claim III.

Petitioner does not suggest that he is entitled to a delayed start-date under other provisions which relate to state-created impediments, 28 U.S.C. § 2244(d)(1)(B), or Supreme Court recognition of a new constitutional right applicable to cases on collateral review, 28 U.S.C. § 2244(d)(l)(C). Since petitioner does not otherwise demonstrate any entitlement to statutory tolling, 28 U.S.C. § 2244(d)(2) or equitable tolling that would bring the filing of Claim III within the general one-year period of limitation following finality on direct review, this claim must also be dismissed as untimely.  28 U.S.C. § 2244(d)(1)(A).

**C. Severability**

Finally, the determination of whether petitioner has any right to the benefit of a delayed start-date for the running of the statute of limitations under section 2244, subdivisions (d)(1)(B) through (d)(1)(D), should be made on a claim-by claim basis.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court suggested as much, saying,

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)

1   [Section] 2244(d)(1) provides that a "1-year period of limitation shall apply to an
    application for a writ of habeas corpus." (Emphasis added.) The subsection then provides
2   one means of calculating the limitation with regard to the "application" as a whole, §
    2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim
3   consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right
    made retroactive); § 2244(d)(1)(D) (new factual predicate).

4   *Id.* at 416 n.6.

5          Statutes of limitation provisions commonly contemplate the determination of the timeliness

6   of a single claim, *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004) (citing the general statute of

7   limitations for federal civil actions, 28 U.S.C. § 1658, and various state statutes of limitations), and

8   "it is understood that they must be applied separately to each claim when more than one is asserted."

9   *Id.*; *accord, Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007).

10         A claim-by-claim approach is necessary in order to avoid the "strange effect of permitting

11  a late-accruing federal habeas claim to open the door for the assertion of other claims that had

12  become time-barred years earlier." *Fielder*, 379 F.3d at 119-120; *accord, Bachman*, 487 F.3d at 984;

13  *see also Murphy v. Espinoza*, 401 F.Supp.2d 1048, 1051-52 (C.D. Cal. 2005); *but see Walker v.

14  Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) (where a habeas petition brings multiple claims,

15  including a challenge to a resentencing decision, that resentencing restarts the statute of limitations

16  period for *all* of the claims in the habeas petition, including those that arise from the original

17  conviction; "the statute of limitations in § 2244(d)(1) applies to the application as a whole; the

18  individual claims within an application cannot be reviewed separately for timeliness"). Despite the

19  Eleventh Circuit's contrary decision in *Walker*, respondent urges this Court to adopt the better view,

20  as set forth in the opinions of the Sixth Circuit (*Fielder*) and Third Circuit (*Bachman*), that there is

21  no reason why Congress would have intended to allow previously-expired claims to be revived

22  simply because they are included in an application with a claim lately accrued. *Fielder*, 379 F.3d at

23  120; *Bachman*, 487 F.3d at 984.

24         In sum, respondent contends that none of petitioner's current claims is timely. However,

25  if this Court were to deem any of the claims currently presented to be timely, the Court should

26  proceed to determine the timeliness of any remaining claim(s) independently.

27

28

*Price-Mahdi v. Subia* - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28
U.S.C. § 2244(d) - C-07-5343 MHP (PR)

1

2                                      **CONCLUSION**

3          For the foregoing reasons, respondent respectfully requests that the Petition for a Writ of

4   Habeas Corpus, and the individual claims set forth therein, be dismissed as untimely.  28 U.S.C. §

5   2244(d)(1).

6          Dated:  August 27, 2008

7                                      Respectfully submitted,

8                                      EDMUND G. BROWN JR.
                                       Attorney General of the State of California
9                                      DANE R. GILLETTE
                                       Chief Assistant Attorney General
10                                     GERALD A. ENGLER
11                                     Senior Assistant Attorney General

                                       PEGGY S. RUFFRA
12                                     Supervising Deputy Attorney General

13                                     **/s/ Mark S. Howell**

14                                     MARK S. HOWELL
15                                     Deputy Attorney General

16                                     Attorneys for Respondent

17  SF2007403211

18

19

20

21

22

23

24

25

26

27

28

*Price-Mahdi v. Subia - Respondent's Motion To Dismiss The Petition For Writ Of Habeas Corpus For Untimeliness, 28 U.S.C. § 2244(d) -  C-07-5343 MHP (PR)*

20