UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA PRICE-MAHDI,<br><br>    Petitioner,<br><br>  v.<br><br>RICH SUBIA, warden,<br><br>    Respondent.<br>_____/ | No. C 07-5343 MHP (pr)<br><br>**ORDER OF PARTIAL DISMISSAL AND SETTING BRIEFING SCHEDULE ON REMAINING CLAIM** |

## INTRODUCTION

Joshua Price-Mahdi, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 1996 conviction. Now before the court for consideration are respondent's motion to dismiss the petition as untimely and petitioner's motion for sanctions. For the reasons discussed below, the court will dismiss two of the three claims as time-barred, order briefing on the one remaining claim, and deny the motion for sanctions.

## BACKGROUND

Price-Mahdi was convicted in Contra Costa County Superior Court in 1996 of first degree murder on a felony murder theory. That was his second trial; the first trial in 1994 ended in a mistrial because of a deadlocked jury. On May 10, 1996, Price-Mahdi was sentenced to 25 years to life in prison.

He appealed. The California Court of Appeal affirmed the judgment on December 12, 1997, and the California Supreme Court denied the petition for review on March 25, 1998.

1       Price-Mahdi filed a petition for writ of habeas corpus in this court in 1999, Price-Mahdi v. People, No. C 99-2757 MHP. The petition was filed on June 11, 1999, and eventually dismissed without prejudice on December 14, 1999, because petitioner failed to identify the particular federal rights violated. That is, he did not identify any federal constitutional right that was implicated by the three errors identified in his petition and despite opportunities to amend to do so, he continued to fail to do so. The three claims in that petition were similar to the claims raised in his direct appeal and were not the same as the claims raised in the current federal petition. After the dismissal of the 1999 action, he apparently did nothing for about six or seven years.

       In 2007, Price-Mahdi filed three habeas petitions in the state courts. His petition in the Contra Costa County Superior Court was filed on February 14, 2007, and denied on March 19, 2007. His petition in the California Court of Appeal was filed on March 27, 2007, and denied on April 4, 2007. His petition in the California Supreme Court was filed on April 16, 2007 and denied on September 19, 2007.

       The petition in the current action was dated October 2, 2007, and was stamped "filed" on October 19, 2007. For purposes of the present motion, the court assumes that Price-Mahdi put the petition in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

       Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the "conclusion of direct review" or the time has passed for seeking direct review; (B) an "impediment to filing an application" created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) "the constitutional right asserted was initially recognized by the Supreme Court," if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

1    The first step is to determine when the limitations period began.  If it began on the
2 date on which direct appeal concluded, the petition would be untimely as it was filed more
3 than eight years after the deadline under subsection (A).  Price-Mahdi's conviction became
4 final on June 24, 1998, when the time for him to file a petition for writ of certiorari in the
5 U.S. Supreme Court expired, see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert.
6 denied, 537 U.S. 1003 (2002), and the presumptive deadline for Price-Mahdi to file his
7 federal petition was June 24, 1999 if § 2244(d)(1)(A) applied.

8    Section 2244(d)(1)(B) does not apply because there is no evidence of any impediment
9 to filing the petition created by unconstitutional state action.  Section 2244(d)(1)(C) also has
10 no application to this case: although Price-Mahdi stresses the importance of a 2005 decision
11 by the California Supreme Court to his first claim, the "Supreme Court" referred to in the
12 subsection is the U.S. Supreme Court and not a state supreme court.  The only way Price-
13 Mahdi's petition potentially can avoid the statute of limitations bar is if subsection (D)
14 applies.

15    When subsection (D) applies, the starting date for the one-year period is determined
16 on a claim-by-claim basis.  The statute of limitations applies to the entire "application" when
17 the starting date is completion of direct review under § 2244(d)(1)(A), but when the starting
18 date is determined under any of the other subsections, §§ 2244(d)(1)(B)-(D), the statute of
19 limitations is applied on a claim-by-claim basis.  See Pace v. DiGuglielmo, 544 U.S. 408,
20 416 n.6 (2005) ("§ 2244(d)(1) provides that a '1-year period of limitation shall apply to an
21 *application* for a writ of habeas corpus.' (Emphasis added.)  The subsection then provides
22 one means of calculating the limitation with regard to the 'application' as a whole, §
23 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim
24 consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right
25 made retroactive); § 2244(d)(1)(D) (new factual predicate).")  The statement in Pace was
26 dicta, however.  Although the Ninth Circuit has yet to rule on the matter, other circuits are
27 split on whether subsection (D) is applied on a claim-by-claim basis as opposed to letting all
28 claims go forward as long as any claim is timely under subsection (D).  Compare Fielder v.

3

1  Varner, 379 F.3d 113, 117-21 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005) (one-year
2  limitations period analyzed on a claim-by-claim basis if subsection (D) applies), and
3  Bachman v. Bagley, 487 F.3d 979, 984 (6th Cir. 2007) (one-year limitations period evaluated
4  on a claim-by-claim basis), with Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003) (as
5  long as any claim is timely under subsection (D), the entire petition is timely).  This court
6  finds the reasoning in Fielder to be most persuasive and follows it.  As Fielder explained, the
7  statutory language that Walker found inescapably required treating the entire petition as
8  timely if any claim came within subsection (D) could actually be read to point in the opposite
9  direction, see Fielder, 379 F.3d at 117-18.  Further, measuring the limitations period on a
10 claim-by-claim basis was consistent with the way statutes of limitations normally were
11 applied in civil actions, id. at 118-19, and avoided a result that the court doubted Congress
12 wanted to produce, i.e., "permitting a late-accruing federal habeas claim to open the door for
13 the assertion of other claims that had become time-barred years earlier," id. at 119-20.  This
14 means that each of Price-Mahdi's three claims has to satisfy subsection (D) to avoid
15 dismissal.  As will be shown below, only Claim 1 has a delayed start of the limitations period
16 under subsection (D) and survives.

17       Claim 1:  In claim 1 of the petition, Price-Mahdi alleges that his right to due process
18 was violated because the prosecutor presented inconsistent factual theories of guilt at Price-
19 Mahdi's trial and that of his co-perpetrator Pecollian Mays.  Price-Mahdi urges that he did
20 not discover the factual predicate for that claim until he learned from his brother in late 2006
21 that Mays had been tried and acquitted on a theory that he contends is inconsistent from that
22 urged by the prosecutor at his (Price-Mahdi's) trial.

23       Under § 2244(d)(1)(D), the petitioner has one year from "the date on which the factual
24 predicate of the claim or claims presented could have been discovered through the exercise
25 of due diligence."   The time begins "'when the prisoner knows (or through diligence could
26 discover) the important facts, not when the prisoner recognizes their legal significance.'"
27 Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d
28 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings

4

concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of claim for ineffective assistance of counsel). Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir.), cert. denied, 531 U.S. 881 (2000) (citation omitted).

The court concludes that Price-Mahdi is entitled to the delayed start under § 2244(d)(1) for Claim 1. At the time of his trial in 1996, he was aware that (1) Mays had been tried and acquitted, (2) Mays might invoke the Fifth Amendment if called at a witness at Price-Mahdi's trial, and (3) the prosecutor argued that Moss (and not Mays or Price-Mahdi) was the actual shooter in the convenience store. Knowing these facts would not cause a reasonable person to think of suspect that Mays had been tried on a factually inconsistent theory. If Price-Mahdi and his attorney had contacted Mays or Mays' attorney and asked what theory Mays had been prosecuted on, they likely would have learned that Mays had been tried on the allegedly inconsistent theory. However, there was no reason for them to make that inquiry. Respondent has identified nothing that would have suggested in 1996 to Price-Mahdi or his attorney that this allegedly inconsistent theory had been pursued in Mays' case. Knowing that Mays had been acquitted did not trigger a duty to investigate to find out if it was on an inconsistent theory.

In Hasan, the court suggested there would be a delayed start of the limitations period for an ineffective assistance of counsel claim on a similar situation where only part of the facts were known to the defendant. The Hasan defendant knew at trial that there might have been jury misconduct (in the form of a prosecution witness from another trial communicating with a juror and mentioning defendant's name) and knew that his counsel did not investigate it or request a continuance to do so. However, the defendant "did not know at that time – nor did he have reason to know – what he later learned: the added facts that such an investigation would have revealed," i.e., that there was a romantic relationship between that witness and another prosecution witness at defendant's trial. Hasan, 254 F.3d at 1154. Once the

5

1 defendant learned that latter fact, the "situation changed materially" and only then did he
2 have the facts necessary to allege that counsel's failure to investigate had prejudiced him. Id.
3 Like the Hasan defendant, Price-Mahdi knew one fact (i.e., that Mays had been acquitted),
4 but neither knew nor had any reason to believe or suspect the critical alleged fact (i.e., that
5 there had been an inconsistent prosecution theory presented at Mays' trial).

6 Price-Mahdi vigorously contended that he did not know anything helpful about Mays'
7 trial at the time of his own trial, and even went so far as to file a motion for sanctions against
8 respondent for suggesting otherwise.  His motion for sanctions is wholly meritless because
9 respondent never argued that Price-Mahdi actually knew or "must have" known of the
10 inconsistent theories at the time of his trial, but only that he should have known of them.
11 Respondent had ample basis for arguing that information about the prosecutor's theory of
12 guilt at the Mays' trial was "readily available:" although Price-Mahdi may not have been able
13 to attend Mays' trial, nothing precluded him or his attorney from making inquiries in writing
14 or by phone to Mays, Mays' attorney, or the prosecutor in the Mays' case to find out what had
15 happened in Mays' trial.  Indeed, the happenstance of the conversation between Price-
16 Mahdi's brother and Mays that uncovered the allegedly critical information could just as
17 easily have taken place in 1996 as in 2006.  The determination in this order that the acquittal
18 would not lead a reasonable person to believe that an inquiry about inconsistent theories was
19 necessary does not mean that an inquiry was not possible.  Respondent's argument was not
20 even close to warranting sanctions under Federal Rule of Civil Procedure 11(b)(3), and
21 Price-Mahdi's argument to the contrary borders on the frivolous.

22 Claim 1 is governed by the statute of limitations in § 2244(d)(1)(D).  The factual
23 predicate became known to Price-Mahdi in late November - early December 2006, and he
24 filed his federal petition less than a year later, on October 19, 2007.  Claim 1 is not barred by
25 the statute of limitations.

26 For purposes of this motion, the court assumes that there was a factual inconsistency –
27 nothing in this order is intended to be a finding that there was any inconsistency and
28 respondent remains free to argue against Price-Mahdi's interpretation of the situation.  On the

6

1 record now before the court, the court cannot say that the due process claim based on the
2 alleged inconsistent theories is patently meritless. The court therefore will order respondent
3 to show cause why the writ should not be granted. See Hendricks v. Vasquez, 908 F.2d 490,
4 491 (9th Cir. 1990) (summary dismissal appropriate only where the allegations in the petition
5 are vague or conclusory, palpably incredible, or patently frivolous or false).

6 Claim 2: Price-Mahdi alleges in Claim 2 that the trial court lacked jurisdiction
7 because he was never indicted for burglary, he had no notice of it, and it was never presented
8 to a grand jury.

9 He argues in his petition that there is no time limit on asserting a claim for lack of
10 jurisdiction, see Petition, p. 6, but offers no legal authority in support of this proposition, i.e.,
11 no authority that there is an exception to § 2244(d) for an entire class of habeas cases. With
12 there being no exception to the statute of limitations for a jurisdictional challenge to the
13 conviction, and there being no other reason for a delayed start for the limitations period for
14 this claim, the court concludes that the claim is untimely because the one-year limitations
15 period for Claim 2 expired on June 24, 1999, see 28 U.S.C. § 2244(d)(1)(A).

16 Even if this claim were not untimely, the court would nonetheless dismiss it because
17 there is no chance of habeas relief on the claim. First, Price-Mahdi was never convicted of
18 burglary – the burglary was only in the case as one of the two predicate felonies for the
19 felony murder charge. Price-Mahdi admits that he was charged with murder and was
20 convicted of murder; he was not charged with or convicted of burglary. See Petition, pp. 7-8.
21 "The jury did not designate what felony was committed other than murder in the
22 felony/murder allegation." Id. at 8. The abstract of judgment plainly shows that Price-Mahdi
23 has a murder conviction and does not have a burglary conviction. See Resp. Exh. B; see also
24 Resp. Exh. K, p. 5 (Contra Costa County Superior Court's rejection of this habeas claim
25 based on the fact that there was no burglary charge or conviction). There would be no
26 conviction to set aside even if the claim succeeded. Second, the claim has no legal merit.
27 There is no federal constitutional right to indictment for a state court defendant. Prosecution
28 by indictment has long been held not to be required of the states by the Due Process Clause.

7

1 See Hurtado v. California, 110 U.S. 516, 538 (1884).  As a matter of California law, the
2 criminal defendant does not have a right to an indictment that specifies felony murder as the
3 theory for a charge of first degree murder, see People v. Kipp, 26 Cal. 4th 1100, 1131 (Cal.
4 2001), cert. denied, 537 U.S. 846 (2002); Stephens v. Borg, 59 F.3d 932, 934-36 (9th Cir.
5 1995), and it is not necessary to charge a defendant separately with the underlying felony in
6 order for a felony murder conviction to be had, see generally Stephens, 59 F.3d at 935.
7 Further, under California law, there does not need to be unanimity among jurors as to the
8 underlying felony for a felony murder conviction.  See Kipp, 26 Cal. 4th at 1131-32; People
9 v. Millwee, 18 Cal. 4th 96, 160-61 (Cal. 1998), cert. denied, 525 U.S. 1149 (1999).  Finally,
10 this is not a lack of notice situation because the record indicates the prosecutor added the
11 theory of felony murder based on burglary only after Price-Mahdi testified that he entered the
12 store to shoplift a beer.  See Petition, p. 43 ("The evidence indicating the shoplifting burglary
13 was committed was presented for the first time at trial when petitioner testified to the
14 shoplifting burglary to show his actions were unrelated to Moss shooting Singh.")

15      Claim 3: In this claim, Price-Mahdi alleges that his appellate counsel was ineffective
16 in failing to raise Claim 2 on appeal.  This claim is time-barred for the same reason Claim 2
17 is barred.  And, as with Claim 2, even if it were not untimely, Claim 3 has no legal merit and
18 falls with Claim 2.  That is, appellate counsel had no duty to raise an issue that had no legal
19 merit.  See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Miller v. Keeney, 882 F.2d 1428,
20 1434 & n.9 (9th Cir. 1989).

**CONCLUSION**

22      Respondent's motion to dismiss is GRANTED in part and DENIED in part.  (Docket
23 # 15.)  Claim 2 and Claim 3 are dismissed because they are barred by the statute of
24 limitations.  Claim 1 will not be dismissed as untimely and warrants a response.   Petitioner's
25 motion for sanctions is DENIED.  (Docket # 18.)

26 / / /
27 / / /
28

8

In order to move this case toward resolution, the court now sets this schedule for briefing on Claim 1:

1. Respondent must file and serve upon petitioner, on or before **April 17, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **May 29, 2009.** The traverse, including any legal argument or memorandum, may not exceed 25 pages in length.

IT IS SO ORDERED.

DATED: February 9, 2009

Marilyn Hall Patel
United States District Judge